# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 23-49V**

| | |
|---|---|
| JOANNE GADEN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: June 29, 2026 |

*Ramon Rodriguez, III, Siri & Glimstad, LLP, Richmond, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

On January 13, 2023, Joanne Gaden filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – a shoulder injury related to vaccine administration ("SIRVA") - as the result of an influenza ("flu") vaccine received on October 29, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU"). Because entitlement was contested, the parties were ordered to file briefs addressing whether Petitioner has

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

established the Vaccine Act's severity requirement (42 U.S.C. § 300aa-11(c)(1)(D)) and otherwise established a Table SIRVA case.[3] ECF No. 19. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which took place on June 26, 2026. ECF No. 32; Non-PDF Hearing Order issued June 9, 2026.

Petitioner argues she has established the severity requirement, and otherwise established a Table claim for SIRVA pursuant to 42 C.F.R. §§ 100.3(a)(XIV)(B) and 100.3(c)(10), and seeks an award of $85,000.00 in compensation for Petitioner's actual pain and suffering. ECF No. 27. Petitioner also seeks $789.81 in unreimbursed expenses (a sum Respondent does not oppose). ECF No. 33. Respondent disputes that the Act's severity requirement has been met, specifically arguing that Petitioner has failed to establish that she suffered the sequela of her injury for more than six months. ECF No. 18; 28. Otherwise, if I find that Petitioner has established a Table case, Respondent recommends an award of $30,000.00 for pain and suffering. ECF No. 28.

After considering the arguments of both sides, at the Motions Day proceeding I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Section II (A) and (B)(1), as well as Section III (A) and (B)(1-2) of *Sofen v. Sec'y of Health & Hum. Servs.,* No. 21-1976V, 2026 WL 1759534, at *2-3; 6-8 (Fed. Cl. Spec. Mstr. May 12, 2026) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

Based on my review of the complete record as a whole, and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) of the Vaccine Act, I find that Petitioner has established that she suffered the sequela of her injury for more than six months after the administration of her flu vaccination as required by Section 11(c)(1)(D)(i).

[3] The Vaccine Act's "severity requirement," requires a petitioner demonstrate that they:

> (i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine, or (ii) died from the administration of the vaccine, or (iii) suffered such illness, disability, injury or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention.

Section 11(c)(1)(D).

I further find that all SIRVA Table requirements are met[4] (*see* 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)). Additionally, Petitioner has established all other claim requirements listed in Section 11(c), *i.e.,* receipt of a covered vaccine, etc. *See generally* § 11(c)(1)(A)(B)(E). I therefore find that Petitioner is entitled to compensation in this case, and that **$48,000.00** represents a fair and appropriate amount of damages for Petitioner's actual pain and suffering, [5] plus **$789.81** for Petitioner's unreimbursed expenses.

Accordingly, **I award Petitioner a lump sum payment of $48,789.81 ($48,000.00 for pain and suffering, and $789.81 for unreimbursed expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

The Clerk of Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] As discussed at the Motions Day hearing, although Respondent questioned whether Petitioner's range of motion limitations persisted for more than six months, I find that Petitioner has established that she did suffer reduced range of motion in her left shoulder during the *course* of her SIRVA, as required under 42 C.F.R. §100.3(c)(10)(iii).

[5] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.